JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thai Quang Quach, | No. CV-25-02937-PHX-JJT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| M. Martinez, *et al.*, | |
| Respondents. | |

Petitioner Thai Quang Quach, an immigration detainee who is confined in the Central Arizona Florence Correctional Complex (CAFCC), has filed a *pro se* Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and a Motion for Appointment of Counsel (Doc. 2) and has paid the filing fee. Petitioner's wife, Chanel Tilden-Quach, has sent a letter to the Court.[1] The Court will deny the Motion without prejudice and require an answer to the Petition.

**I.   Petition**

In his Petition, Petitioner names United States Attorney General Pam Bondi; Secretary of the Department of Homeland Security Kristi Noem; Director of United States

---

[1] The Clerk of Court sealed the letter because it contains personally identifying information. In her letter, Tilden-Quach asks the Court to have Petitioner's file reviewed and that Petitioner be released on an Order of Supervision. Tilden-Quach is not an attorney and therefore may not represent Petitioner or seek any relief on his behalf. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others).

1  Immigration and Customs Enforcement (ICE) Tom Homan; and CAFCC Warden M.
2  Martinez as Respondents.

3   Petitioner is a native and citizen of Vietnam. Petitioner entered the United States in July 1983 as a refugee and became a legal permanent resident. At some point, Petitioner pleaded no contest to kidnapping. On April 8, 2003, an Immigration Judge (IJ) ordered Petitioner removed from the United States. Petitioner did not appeal the IJ's decision. It appears Petitioner was released under supervision.

   At some point, Petitioner appeared at an ICE office for a check-in and was detained. On May 1, 2025, a Notice of Revocation of Release was issued. Petitioner remains in ICE custody. Petitioner asserts he is a pre-1995 Vietnamese refugee who is protected from deportation to Vietnam. In 2020, the Trump Administration and Vietnam signed a new Memorandum of Understanding, which does not mandate that Vietnam accept all pre-1995 Vietnamese immigrants with deportation orders.

   Petitioner contends he has not received a notice for a 90-day review, has not had a 90-day review, and has not been notified of any decision, which Petitioner asserts violates his Fifth Amendment due process rights. Petitioner asks the Court to assume jurisdiction over this matter; issue an order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted; grant the writ of habeas corpus and order Petitioner's immediate release from custody; and grant any other and further relief as the Court deems just and proper.

   The Court will require Respondents to answer the Petition.

**II.     Motion for Appointment of Counsel**

   In his Motion for Appointment of Counsel, Petitioner asks the Court to appoint counsel to represent him in this matter because he is indigent. There is no constitutional right to counsel in federal habeas corpus proceedings. *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991). Appointment of counsel pursuant to 18 U.S.C. § 3006(a)(2)(B) is in the discretion of the district court unless "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*,

801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted). For instance, the district court is obligated to appoint counsel if an evidentiary hearing is required. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). Otherwise, a district court is authorized to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." *See* 18 U.S.C. § 3006(a)(2)(B). In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner has not shown likelihood of success on the merits, nor is a likelihood of success evident from the face of the Petition. And at this stage of the proceedings, the Court cannot determine whether an evidentiary hearing will be required. *See Knaubert,* 791 F.2d at 728 (holding "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court"). The Court will therefore deny without prejudice Petitioner's Motion to Appoint Counsel.

**III.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

. . .

. . .

TERMPSREF

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Motion for Appointment of Counsel (Doc. 2) is **denied without prejudice**.

(2) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondents must answer the Petition within **20 days** of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(5) Petitioner may file a reply within **30 days** from the date of service of the answer.

. . . .

. . . .

TERMPSREF

(6) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 25th day of August, 2025.

*[signature]*
Honorable John J. Tuchi
United States District Judge